11/16/2018 2:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 29099981
By: Kenya Kossie
Filed: 11/16/2018 2:38 PM

CAUSE NO. 2018-69472

| | | |
|---|---|---|
| MARLETHA JACKSON, On Behalf of the Estate of Malachi Jackson, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| AGILITY ENERGY, INC., PETER NYAISOTA, DEVON ENERGY CORP., DEVON ENERGY PRODUCTION CO. LP, DVN OPERATING COMPANY, LLC DEVON OEI OPERATING, INC., f/k/a OCEAN ENERGY, INC., MARK KRAMER, EARL KISSEL, RONALD COYLE, STANLEY GULA III, and WALTER DAVIS | § § § § § § § § § § § | |
| *Defendants.* | § | 333RD JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Plaintiff Marletha Jackson, on behalf of the Estate of Malachi Jackson, complaining of the actions of Agility Energy, Inc., Peter Nyaisota, Devon Energy Corp., Devon Energy Production Co. LP, DVN Operating Company, LLC, Devon OEI Operating, Inc. f/ka/ Ocean Energy, Inc., Mark Kramer, Earl Kissel, Ronald Coyle, Stanley Gula III, and Walter Davis ("Defendants"), and would respectfully show the Court as follows:

### I.

### NATURE OF THE ACTION

1.      This is a wrongful death and survival action against Defendants, who, upon information and belief, are responsible for the death of Malachi Jackson due to their negligence and gross negligence. This is an action arising under the common law of the State of Texas.

### II.

1

Certified Document Number: 82638924 - Page 1 of 9

Exhibit 1

<u>**DISCOVERY**</u>

2.      Plaintiff intends to conduct discovery under Discovery Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

**III.**

<u>**JURISDICTION AND VENUE**</u>

3.      The Court has jurisdiction over this case because Plaintiff seeks damages well within the jurisdictional limits of the Court. Venue is proper in Harris County because one or more Defendants were domiciled in this County, and has a principal place of business in this County, at the time of the incident that is the basis of this lawsuit. TEX. CIV. PRAC. & REM. CODE § 15.002.

**IV.**

<u>**PARTIES**</u>

4.      Plaintiff Marletha Jackson is a Texas resident. Plaintiff is the mother of Malachi Jackson and is a representative of Malachi Jackson's estate.

5.      Defendant Agility Energy, Inc. is a foreign corporation with its headquarters in Sandy, Utah, and may be served with process through its registered agent, Janis Rose Kline, at 8731 South Sandy Parkway 103, Sandy, Utah 84070. Defendant Agility has answered this suit.

6.      Defendant Peter Nyaisota is an individual residing at 1450 100 Ave. NW 312, Coon Rapids, Minnesota 55433.

7.      Defendant Devon Energy Corp. is a domestic for-profit corporation incorporated under the laws of the state of Delaware. Devon Energy Corp. may be served

2

Certified Document Number: 8263892.4 - Page 2 of 9

through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Defendant Devon Energy Production Company, LP is a domestic for-profit corporation incorporated under the laws of the state of Oklahoma. Devon Energy Production Co., LP may be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.      Defendant DVN Operating Company, LLC is a domestic for-profit corporation incorporated under the laws of the state of Delaware. DVN may be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.     Defendant Devon OEI Operating, Inc., f/k/a Ocean Energy, Inc. is a domestic for-profit corporation incorporated under the laws of the state of Delaware. Devon OEI Operating, Inc. does its business in Houston, Texas and its principal offices are in Houston, Texas. Devon OEI Operating, Inc.'s business address is listed as: 1001 Fannin Street, Suite 1600, Houston, Texas 77002. Devon OEI Operating, Inc. may be served through its registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

11.     Defendant Mark Kramer is an individual residing at 13531 Se 79th St, Oklahoma City, Oklahoma 73150.

12.     Defendant Earl Kissel is an individual residing at 323 Rittimann Rd, Spring Branch, Texas 78070. Defendant Kissel has answered this suit.

13.     Defendant Ronald Coyle is an individual residing at 320 Sugarwood Blvd., Houma, Louisiana 70360.

14.     Defendant, Stanley Gula III is an individual residing at 1905 Brown Rd., Brighton, Illinois 62012.  Defendant Gula has answered this suit.

3

Certified Document Number: 82638924 - Page 3 of 9

15.     Defendant Walter Davis is an individual residing at 13242 FM 766, Cuero, Texas 77954.

## V.

### FACTS

16.     Malachi Jackson ("Decedent") was working at a land rig in New Mexico that was operated by Defendants Devon Energy Corp., Devon Energy Production Co. LP, DVN Operating Company, LLC, and Devon OEI Operating, Inc. f/k/a Ocean Energy, Inc. ("Devon Defendants").

17.     Decedent had been working between 15 and 18 hours per day. On the afternoon of March 13, 2018, Decedent had already been working for approximately fifteen (15) hours when a "company man" for Devon Defendants required Decedent to drive nearly an hour away to Carlsbad, New Mexico, to dispose of ammunition that had been found in Decedent's vehicle.

18.     Further, Devon Defendants' employees, Mark Kramer, Earl Kissel, Ronald Coyle, Stanley Gula III, and Walter Davis were responsible for supervising Decedent and instructed Decedent to leave the premises after being overworked in order to dispose of the ammunition.

19.     On the return drive to the land rig, Decedent collided with a commercial motor vehicle operated by Defendant Agility Energy, Inc. ("Agility Energy") that was driving in the opposite direction. At the time of the collision, Defendant Nyaisota took faulty evasive action and collided with Decedent. The commercial motor vehicle was being driven by Defendant Peter Nyaisota. At all relevant times, Defendant Nyaisota was acting within the course and scope of his employment with Defendant Agility Energy.

4

Certified Document Number: 82638924 - Page 4 of 9

20.    Decedent died as a result of the accident. The Deceased is survived by his daughter, L.J., his mother, and his brother. Plaintiff is the personal representative of Decedent's Estate.

## VI.

### CAUSE OF ACTION

#### A.  Negligence and Gross Negligence (against all Defendants)

21.    Plaintiff hereby incorporates Paragraphs 1 – 15 as though fully stated herein.

22.    Defendants were negligent and grossly negligent for the following reasons:

    a.  failure to properly train their employees;

    b.  failure to properly supervise their employees;

    c.  failure to create and/or enforce adequate safety policies and procedures;

    d.  failure to provide a safe work place;

    e.  failure to take action to prevent the incident in question;

    f.  vicarious liability for the conduct of their employees and/or agents;

    g.  violating applicable local, state, and federal laws and/or regulations;

    h.  intentionally, knowingly, and/or recklessly infringing upon the rights of Decedent; and

    i.  other acts deemed negligent, negligent per se, and grossly negligent.

23.    On balance, Defendants owed a duty consistent with the foregoing, and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence and gross negligence, Decedent sustained damages in the nature of mental pain, suffering, and anguish; loss of enjoyment of life; loss of society and companionship. Further, Defendants' actions were

Certified Document Number: 82638924 - Page 5 of 9

done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### B. Plaintiff's Claim of Respondeat Superior (against Defendant Agility Energy)

24.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nyaisota was within the course and scope of employment for Defendant Agility Energy.

25.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nyiasota was engaged in the furtherance of Defendant Agility Energy's business.

26.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Nyiasota was engaged in accomplishing a task for which Defendant Agility Energy was employed.

27.     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant Agility Energy.

### C. Wrongful Death

28. Plaintiff repeats and re-alleges each allegation contained herein.

29. As the personal representative of the Estate of Malachi Jackson, Plaintiff seeks to recover the damages available to the Estate under Texas law. The Defendants had the above-referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death. Plaintiff is now entitled to recover for Decedent's death on behalf of Decedent's Estate.

### D. Survival

30. Plaintiff repeats and re-alleges each allegation contained herein.

Certified Document Number: 8263892 - Page 6 of 9

31. As the personal representative of the Estate of Malachi Jackson, Plaintiff seeks to recover the damages for the survival action she is entitled to bring under Tex. Civ. Prac. & Rem. Code § 71.021. As a result of Defendants' negligence and gross negligence, Decedent suffered severe physical injuries that ultimately led to his death. The Defendants had the above-referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death. Furthermore, Defendants' actions were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages on behalf of the estate of Decedent.

## VII.

### DAMAGES

32.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injuries, physical impairment, disfigurement, loss of household services, pain, suffering, and mental anguish, and incur the below damages. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that she seeks damages in excess of $1,000,000.00, and prays for relief and judgment as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

7

- Past and future impairment;

- Disfigurement;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with the law;

- Plaintiff's reasonable attorneys' fees;

- Costs of court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VIII.

### DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues.

## IX.

### PRAYER

Plaintiff prays that citation issue and be served to each Defendant in a form and manner prescribed by law, requiring them to appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in an amount that compensates Plaintiff for her damages plus pre-judgment and post-judgment interest, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief to which Plaintiff may show herself entitled.

Certified Document Number: 8263924 - Page 8 of 9

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

_____

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
Alison Baimbridge
SBN: 24040160
abaimbridge@arnodlitkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850

***ATTORNEYS FOR PLAINTIFF***

Certified Document Number: 82638924 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 14, 2018


Certified Document Number:        82638924 Total Pages:  9


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**